Vacated by Supreme Court, January 24, 2005

<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 02-4713**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LLOYD MENDEZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston. David C. Norton, District Judge.
(CR-02-184)

Submitted:  November 26, 2003          Decided:  June 7, 2004

Before NIEMEYER, LUTTIG, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher J. Moran, LAW OFFICE OF CHRISTOPHER J. MORAN, Columbia,
South Carolina, for Appellant.  James Strom Thurmond, Jr., United
States Attorney, Columbia, South Carolina; Lee Ellis Berlinsky,
OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lloyd Mendez appeals from his conviction and 240-month sentence. Mendez pleaded guilty to possession with intent to distribute and to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000). Mendez's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal, but raising the issue as to whether the magistrate judge complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Mendez's guilty plea. Mendez has filed a pro se supplemental brief. Finding no reversible error, we affirm.

On appeal, counsel questions whether the magistrate judge properly conducted the Fed. R. Crim. P. 11 colloquy, specifically raising the issue as to whether the magistrate judge adequately informed Mendez regarding the potential length of his sentence. This court indulges a strong presumption that a plea is final and binding if the Rule 11 hearing is adequate. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1999). We have reviewed the transcript of the hearing conducted before the magistrate judge and are satisfied that Mendez was afforded the protections of Rule 11. See United States v. Osborne, 345 F.3d 281, 285 (2003) (holding that taking guilty plea is permissible as an "additional duty" for a magistrate judge). Furthermore, a review of the record indicates

- 2 -

that the magistrate judge did inform Mendez of the potential length of his sentence and Mendez stated that he understood.  This claim is therefore without merit.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We further conclude that the claims raised in Mendez's pro se supplemental brief are without merit.  We therefore affirm Mendez's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>