<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 02-4713**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LLOYD MENDEZ,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-7328)

Submitted:  October 17, 2005          Decided:  November 22, 2005

Before NIEMEYER, LUTTIG, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher J. Moran, LAW OFFICE OF CHRISTOPHER J. MORAN, Columbia, South Carolina, for Appellant.  Jonathan S. Gasser, Acting United States Attorney, Lee E. Berlinsky, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the Supreme Court. Lloyd Mendez pled guilty to possession with intent to distribute and distribution of fifty grams or more of cocaine base. He was sentenced to 240 months of imprisonment. We previously affirmed Lloyd Mendez's conviction and sentence. United States v. Mendez, No. 02-4713, 2004 WL 1240564 (4th Cir. June 7, 2004) (unpublished). The Supreme Court vacated our decision and remanded Mendez's case to us for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

In his supplemental brief, Mendez argues that he is entitled to resentencing pursuant to Booker because he was sentenced under a mandatory scheme. Because Mendez did not object below to the mandatory application of the guidelines, we review for plain error. United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. (citing United States v. Olano, 507 U.S. 725, 732 (1993)). If a defendant establishes these requirements, the court has discretion to correct the error, but "should not exercise . . . [that discretion] unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

- 2 -

In White, this court determined that imposing a sentence under the guidelines as mandatory was error that was plain. White, 405 F.3d at 217. In determining whether this error affected the defendant's substantial rights, the court reasoned that "the error of sentencing a defendant under a mandatory guidelines regime" was not an error for which prejudice would be presumed. Id. at 221. Rather, the defendant bears the burden of showing that this error "affected the outcome of the district court proceedings." Id. at 223 (quoting Olano, 507 U.S. at 734).

We find that Mendez fails to meet this burden. In this case, the Government filed an information pursuant to 21 U.S.C. § 851 (2000), subjecting Mendez to a mandatory minimum term of imprisonment of twenty years. 21 U.S.C. § 841(b)(1)(A) (2000). Mendez received the lowest possible sentence allowed by statute. Because the district court could not have imposed a lower sentence under an advisory sentencing system, Mendez cannot make the necessary showing. Id. at 224-25. We therefore conclude that the district court's error of sentencing Mendez under a mandatory guidelines scheme did not affect his substantial rights.

Accordingly, we affirm Mendez's sentence and reinstate our previous opinion affirming his conviction. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED